**Stanley Allen EVERIST, Petitioner—Appellant,**

v.

**S.W. CZERNIAK, Superintendent, Oregon State Penitentiary, Respondent—Appellee.**

No. 03–35943.

D.C. No. CV–02–00386–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided Aug. 6, 2004.

Barbara L. Creel, Assistant Federal Public Defender, Steven T. Wax, FPD, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., Office of the Attorney General, Salem, OR, for Respondent–Appellee.

Before GOODWIN, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Stanley Everist appeals the district court's denial of his petition for habeas corpus, alleging violations of his rights under the Ex Post Facto Clause. He contends that the Oregon courts unreasonably applied federal law in refusing to find that the Oregon State Board of Parole and Post–Prison Supervision ("Board") postponed his parole release date pursuant to a statute enacted after the commission of his crimes. We affirm.

To succeed on an Ex Post Facto claim, a petitioner must show that the state courts' decisions were unreasonable applications of the two-step test laid out by the Supreme Court. Application of a law will not violate the Ex Post Facto Clause unless it is 1) retroactive, "apply[ing] to events occurring before its enactment," *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); and 2) detrimental, "produc[ing] a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Calif. Dep't of Corr. v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Board appropriately applied the version of the statute in effect when Everist committed his crimes in 1987. At the time Everist committed his crimes, Oregon Revised Statutes § 144.125(3) provided that the Board could postpone a prisoner's parole release date "[i]f a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner." The psychological evaluation upon which the Board in Everist's case relied was plainly adequate under § 144.125, as it existed at the time Everist committed his crimes. That evaluation diagnosed Everist with Pedophilia, Methamphetamine Dependence, and Mixed Personality Disorder with Antisocial, Narcissistic, and Dependent Features. The psychologist concluded: "I am not certain that [Everist] could refrain from substance abuse or molesting other children if he were released at this time. . . . [H]e remains a danger to the community. . . ." This provided a sufficient foundation for the Board's finding that Everist suffered from a "present severe emotional disturbance," justifying the postponement of his release.

The Board did not retroactively apply a later-enacted statute, and the Oregon court's rejection of Everist's state habeas petition was not an unreasonable application of federal law. The denial of Everist's federal petition for habeas corpus is

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*